## C. H. R. DORINGH, Petitioner.

PROVIDENCE—APRIL 8, 1898.

PRESENT : Stiness, Tillinghast and Rogers, JJ.

A Probate Court had ordered a fund in the hands of an administrator to be paid to the representative of the estate of A.; the fund was claimed by B. under a

parol assignment by A. to him for advances made by him to A.; the estate of A. was indebted to other creditors, who urged that the fund should be made available for their claims :—

*Held,* construing Gen. Laws R. I.. cap. 218, § 32, that the fund should be paid to the representative of the estate of A.

*Held,* further, that in equity B. had no exclusive claim to the fund, and that it should be administered according to law.

Aside from any question under the insolvency law a payment, or transfer of property, for a debt is good if it be a completed transaction.

But an equitable assignment does not have the force of a legal assignment where the equitable assignee has paid or done nothing for it above other creditors, or whose condition is not changed by reason of it, or where it is not a completed title and there is a legal right in others having an equal equity.

When equities are equal the law must prevail ; for, where one party is as much entitled to protection as the other is to assistance, a court cannot interfere.

PETITION IN EQUITY for an opinion of the court.

STINESS, J. The administrator of the estate of Walter Caldwell, having settled his final account, holds a balance which the Court of Probate ordered to be paid to the administrator of the estate of Josiah Caldwell, father of said Walter, who has died since the death of his son. Josiah Caldwell, according to the statement, made a parol assignment of the fund in the hands of Dr. Doringh, administrator of the estate of Walter, to another son, Seymour, for advances which the latter had previously made. Josiah also sent a letter to Doringh to that effect, and Doringh wrote to Seymour that he had received it and that he thought there would be no need of his father signing any more papers. The order of the Court of Probate was made November 15, 1897. A creditor has intervened to inform the court that debts are outstanding against the estate of Josiah Caldwell.

The question is whether the administrator of Walter's estate should pay the distributive share in his hands to the administrator of Josiah's estate, or to Seymour Caldwell under the claim of an assignment of the fund.

Gen. Laws R. I. cap. 218, § 32, provides that the Court of Probate shall order distribution, "ascertaining the distributees and the proportion due each one, subject to appeal by any person interested ; but if no appeal be taken, or if, on appeal, said order be confirmed, the administrator shall forth-

with comply with said order and file an account setting out
to whom the estate has been distributed and in what pro-
portions, with vouchers; and after the same has been duly
advertised and allowed by the probate court, said account
shall be conclusive on all persons, without, appeal."

The claimant of the fund, Seymour Caldwell, admits that
the Court of Probate could not pass upon the assignment,
citing the. rule as stated in 1 Wœrner's Law Adm. § 151:
"Probate courts have no power to investigate the validity of
an assignment of the interest of an heir or legatee; the de-
cree of distribution or payment should be to the legal suc-
cessor of the property, leaving questions of disputed rights
between these and claimants against them to be adjusted in
the ordinary courts." See also *Arnold* v. *Smith*, 14 R. I.
217; *Williams* v. *Herrick*, 18 R. I. 120.

According to the terms of the statute the decree of the
Court of Probate is conclusive upon the claimant, who is pre-
sumed to have had knowledge of the proceeding, because he
knew that the fund which he claims was in the hands of an
administrator. It follows, then, that the administrator must
pay over the fund to the estate of Josiah Caldwell. The real
question upon which the parties want the opinion of the court
is whether, after such payment, the administrator of the lat-
ter estate is to hold it for creditors or whether he should at
once pay it over to the claimant.

Suppose, then, the money to be in the hands of the admin-
istrator of Josiah Caldwell, how would the matter stand?
According to law he would apply it to the payment of debts.
But Seymour Caldwell says that he has an assignment under
which, in equity, the fund should go to him. The considera-
tion for the assignment was a preëxisting debt, and he claims
that this is good because payment made to one creditor is
not fraudulent and cannot be set aside. Undoubtedly when
payment is made or property transferred for a debt it is
good, outside of any question under the insolvency law. But
that means a completed transaction. And, where there is an
executory contract, for which a creditor has given special
consideration and by means of which his condition has been

changed, or where there are no other parties in interest, equity requires that the contract should be executed in his favor. But where the so-called assignment rests upon no special consideration and the position of neither party has been changed, the transaction amounts only to an agreement to apply a certain fund to a certain debt. This not having been done, and the claimant being obliged to come into a court of equity, he asks that a fund may be decreed to him to the exclusion of other creditors. What is his equity over other creditors? The debtor owed him and also owed others. He has paid nothing and done nothing for the so-called transfer. He is no worse off than he would have been if the proposed appropriation of the fund had not been mentioned. Other creditors are as much entitled to get their pay as he is to get his. Their equities are equal, and it is a fundamental principle that where there is equal equity the law must prevail. One party is as much entitled to protection as the other is to assistance, and hence the court cannot interfere. An equitable assignment is often spoken of as though it had all the force of a legal assignment. In many cases this is true, but it is not universally true. It certainly cannot be where the aid of equity is invoked to enforce it in favor of one who has paid or done nothing for it above other creditors, or whose condition is in no way changed by reason of it, where it does not amount to a completed title and where there is a legal right in others who have an equal equity.

We are, therefore, of opinion that the fund must be paid to the administrator of the estate of Josiah Caldwell, to be administered according to law.

*John C. Pegram*, for petitioner.

*Samuel Norris, Jr., and William B. Greenough*, for other parties in interest.